IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARDIS M. PROUE and EDWARD F.
PROUE,

                Plaintiffs,                              ORDER

      v.                                             17-cv-79-wmc

HOWMEDICA OSETONICS d/b/a
STRYKER ORTHPAEDICS, STRYKER
CORP., STRYKER SALES CORPORATION,
and STRYKER IRELAND LIMITED,

                Defendants.

---

In this civil action, plaintiffs Ardis M. Proue and Edward F. Proue assert negligence, strict liability and breach of express warranty claims against defendants, all related companies, based on their design, manufacturing and sale of the Accolade TMZF Hip Stem and LFIT Anatomic V40 Femoral Head.  (Compl. (dkt. #1).)  In a section of the complaint titled "parties, jurisdiction and venue," plaintiffs allege that the court has personal jurisdiction over defendants and that the venue is proper.  (*Id.* at ¶ 3.)  Plaintiffs, however, fail to allege the basis for this court exercising subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d

798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

In light of the fact that plaintiffs only are pursuing state law claims, the court typically would assume that plaintiffs' claims fall within this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs allege that they are both citizens of Wisconsin. (*Id.* at ¶ 2.) With respect to defendants Stryker Corporation and Stryker Sales Corporation, plaintiffs allege that each is "organized and existing under the laws of the state of *Wisconsin*, with its principal place of business in Kalamazoo, Michigan." (*Id.* at ¶ 5 (emphasis added); *id.* at ¶ 6.) Because a corporation is "deemed a citizen of every state and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), defendants Stryker Corporation and Stryker Sales Corporation are also citizens of Wisconsin.[1]

For subject matter jurisdiction to exist, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803.

---

[1] The court notes that in another case filed against the same defendants, the plaintiffs in that action allege that Stryker Corporation and Stryker Sales Corporation are organized under the laws of Michigan. *Segerstrom v. Howmedica Osteonics*, No. 17-cv-80 (W.D. Wis. Feb. 3, 2017). If plaintiffs' allegation in this case is in error, plaintiffs are directed to file an amended complaint. If both defendants are organized under the laws of Wisconsin, then the *Segerstrom* case also must be dismissed for lack of subject matter jurisdiction.

Here, plaintiffs allege that plaintiffs and two of the defendants are citizens of Wisconsin. Accordingly,

IT IS ORDERED that plaintiffs have until March 10, 2017, to show cause as to why this court should not dismiss this action for lack of subject matter jurisdiction.

Entered this 3rd day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge